IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LECARLUS DRUMMOND**                                                                                    **PLAINTIFF**

v.                                                                        CIVIL ACTION NO. 2:20-cv-37-TBM-MTP

**CAJUN VALVE SERVICES, LLC**                                                                       **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on the Motion to Strike First Amended Complaint [124] filed by Defendant Cajun Valve Services, LLC ("Cajun Valve") and the Motion to Strike [132] filed by ISS Valves Industries, Inc. and ISS #2, LLC.[1]  Having considered the parties' submissions, the record, and the applicable law, the Court finds that Motion [124] should be granted and Motion [132] should be denied as moot .

On February 21, 2020, the instant action was removed to this Court.  In his Complaint [1-2], Plaintiff LeCarlus Drummond alleges that he was injured during an accident at the Georgia Pacific plant in Monticello, Mississippi, where Defendant Cajun Valve was making repairs to a pump.  Plaintiff alleges that Defendant's actions and/or inactions caused his injuries.  On June 11, 2020, the Court entered a Case Management Order [8], which required the parties to file motions to amend or add parties by August 11, 2020.

On September 16, 2021—six days before the close of the extended discovery period and more than a year after the deadline to do so—Plaintiff filed a Motion to Amend Complaint [92],

---

[1] The Motion [132] is entitled "Motion to Strike or Alternatively, Dismiss Plaintiff's Amended Complaint for Failure to Comply with Order," but the argument for dismissal is the same as the argument for striking the pleading—untimeliness.  Thus, the Court will consider the Motion [132] as simply a motion to strike.

1

seeking to add ISS Valves Industries, Inc. and ISS #2, LLC as defendants.[2] Plaintiff asserted that ISS Valves Industries, Inc. and ISS #2, LLC are parent companies to Defendant Cajun Valve and that on April 9, 2021, Defendant produced discovery responses indicating that its "parent companies have a closer, more hands-on approach than Plaintiff was previously led to believe." *See* [92] at 1. Plaintiff alleged that these companies, doing business as Industrial Service Solutions, failed to properly train and supervise the employees who caused Plaintiff's injuries.

Although the Court had reservations about allowing the addition of defendants at such a late stage of the case, the Court granted Plaintiff's Motion to Amend [92] on October 8, 2021. *See* Order [104]. The Court directed Plaintiff to file his amended complaint on or before October 15, 2021, and to promptly proceed with service of process. *Id*. But, October 15, 2021, came and went without Plaintiff filing his amended complaint.

Plaintiff eventually filed his Amended Complaint [121] on March 12, 2022, but did not seek leave to file the pleading out of time. Four days later, Plaintiff had summonses issued for ISS Valves Industries, Inc. and ISS #2, LLC. On March 25, 2022, Defendant Cajun Valve filed its Motion to Strike [124], arguing that the Amended Complaint should be stricken because it was filed nearly five months after the deadline for doing so had expired. On April 12, 2022, ISS Valves Industries, Inc. and ISS #2, LLC also filed a Motion to Strike [132], requesting that the Court strike the Amended Complaint as untimely.

Federal Rule of Civil Procedure 6 allows courts to alter certain deadlines upon a showing of excusable neglect. Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the

---

[2] Plaintiff filed a prior Motion to Amend [55] on June 21, 2021, which the Court denied without prejudice because it was unclear which entities Plaintiff wished to add as defendants. *See* Order [76].

time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). The determination of whether a party's neglect was excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Courts consider the danger of prejudice, the length of the delay, and the reason for the delay. *Id*.

Here, the Court directed Plaintiff to file his amended complaint by October 15, 2021, but Plaintiff did not comply with the Court's Order [104] and waited nearly five months after the deadline to file the pleading, without seeking an extension of time to file it out of time. In his Response [131] to Defendant's Motion to Strike [124], Plaintiff offers no explanation for his failure to timely file his Amended Complaint. However, in his Response [135] to the would-be defendants' Motion to Strike [132], Plaintiff states that he "decided to forgo filing his First Amended Complaint for the sake of judicial economy because the trial was set for March of 2022 and the First Amended Complaint would have likely altered the scheduling order of the case." *See* Response [135] at 5. This was a purposeful, strategic decision, not "excusable neglect." The excusable neglect standard does not relieve parties from their deliberate choices. *See In re Pettle*, 410 F.3d 189, 192-93 (5th Cir. 2005) ("Voluntary action also may estop a party from seeking relief on the ground of mistake or excusable neglect").

Concerning prejudice, Plaintiff points out that the Amended Complaint does not alter his allegations against Defendant Cajun Valve. For its part, Defendant Cajun Valve notes that, if ISS Valves Industries, Inc. and ISS #2, LLC are added as defendants, they will need to conduct discovery, and Defendant Cajun Valve will be forced to expend time and resources participating in discovery. Defendant Cajun Value specifically notes that ISS Valves Industries, Inc. and ISS

#2, LLC would need to depose most, if not all, of the thirteen witnesses who were previously deposed in this case, and Defendant Cajun Valve would need to participate. The discovery period in this action was extended *five* times before it finally expired on September 22, 2021. *See* Orders [32] [37] [45] [51]; September 1, 2021, Text Only Order. There is no question that Defendant Cajun Valve would expend additional time and resources during a renewed discovery period if ISS Valves Industries, Inc. and ISS #2, LLC are added as defendants.

The record demonstrates that Plaintiff's failure to file his Amended Complaint by the court-imposed deadline was not the result of excusable neglect. Accordingly, Plaintiff is not entitled to an extension of time under Rule 6(b), and his Amended Complaint should be stricken as untimely.

Before concluding its decision, the Court notes that Plaintiff does not argue that he is entitled to an extension of time under Rule 6 but, instead, argues that he is entitled to amend his pleading under Rule 15. *See* Response [131]. Rule 15(a)(2) dictates that courts should "freely give leave [to amend] when justice so requires." This language "'evinces a bias in favor of granting leave to amend.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

Although Plaintiff's Amended Complaint should be stricken based on his failure to timely file the pleading and the lack of excusable neglect in doing so, the Court will also consider Rule 15 and the standards for allowing the amendment of pleadings. The Court, however, must first consider Rule 16(b), which governs amendments of pleadings after a scheduling order deadline has expired. *S&W Enterprises v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Once a scheduling order has been entered, "it may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

Plaintiff argues that Rule 16(b) does not apply in this instance and points to Rule 15's more liberal standard for amendments. According to Plaintiff, Rule 16(b) is inapplicable because there was no trial date set and, thus, no scheduling order in force at the time he filed his Amended Complaint.

This argument collapses when one reviews the record. At the time the Court granted Plaintiff's Motion to Amend [92], the trial was set for a term beginning on March 7, 2022. *See* Order [51]. In its Order [104] granting the Motion to Amend [92], the Court ordered that "Plaintiff shall file his amended complaint in the form attached to his Reply [103] on or before October 15, 2021." On February 2, 2022, the Court continued the trial to a date certain—July 25, 2022. Thus, a trial date was set when Plaintiff filed his Amended Complaint. More importantly, when the Court continued the trial, it did not abolish any of the case deadlines, including the deadline for Plaintiff to file his amended complaint.

Thus, the Court will begin with the good-cause standard of Rule 16(b). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises*, 315 F.3d at 536. Good cause generally requires a demonstration that "deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id*. at 535. In determining whether good cause exists, courts should consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (citations and brackets omitted).

If the moving party establishes good cause to modify the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a). The Supreme

Court delineates five factors for a court to consider when deciding whether leave to amend a complaint should be granted: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Rozenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The first factor under Rule 16(b)'s good-cause standard is the justification for the delay, which courts within this circuit have described as the "most important factor" *See Ryan v. U.S. Dep't of Commerce*, 2021 WL 3134909, at *2 (S.D. Miss. July 23, 2021) ("Courts within the Fifth Circuit have described the explanation for needing more time as the most importance factor."); *Antonio v. Acadian Ambulance Servs. Inc.*, 2015 WL 12941882, at *1 (S.D. Miss. July 29, 2015) ("the first factor alone may be dispositive, outweighing the other three factors"); *Elvir v. Trinity Marine Prod. Inc.*, 327 F.R.D. 532, 550 (M.D. La. 2018) ("most important factor"); *Allergan, Inc. v. Teva Pharms. USA, Inc.*, 2017 WL 119633, at *3 (E.D. Tex. Jan 12 2017) ("most important factor"); *O'Connor v. Cory*, 2018 WL 5848860, at *4 (N.D. Tex. Nov. 8, 2018) ("most important factor"); *Williams v. Waste Mgmt, Inc.*, 2018 WL 3803917, at *2 (N.D. Tex. June 29, 2018 ("lack of diligence in timely amending his pleadings is paramount").

This factor weighs heavily in favor of striking the Amended Complaint as untimely. As previously discussed, Plaintiff disregarded the Court's Order [104] directing him to file his amended complaint by October 15, 2021. Instead, Plaintiff deliberately chose to file his Amended Complaint nearly five months after the deadline, without seeking an extension.

According to Plaintiff, he delayed the filing of his Amended Complaint because he did not want to disturb the March 2022 trial setting and filed it only because the trial was continued to July of 2022. This does not justify Plaintiff's actions. Plaintiff delayed even after the

continuance.  The Court continued the trial on February 2, 2022, but Plaintiff waited more than a month to file his Amended Complaint and without seeking leave to file the pleading out of time.  The Court also notes that a continuance from March to July would not provide sufficient time to add new parties and prepare for trial.  Importantly, Plaintiff does not control the case deadlines and cannot be permitted to use the filing of amended complaints to dictate to the other parties and the Court which deadlines should be enforced and when this case will be tried.  This Court is charged with preserving the integrity and purpose of the case deadlines. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

Additionally, Plaintiff's delay does not simply include the time between the October 15, 2021, deadline and the filing of the Amended Complaint.  The delay stretches nearly a year.  By his own admission, Plaintiff learned of the facts underlying the amendment on April 9, 2021,[3] but waited until March 12, 2022, to file his Amended Complaint.

Turning to importance, Plaintiff asserts that the Amended Complaint "adds two defendants for which Plaintiff has stated plausible claims for relief against," and he "cannot be made whole" unless the pleading is allowed to stand. *See* [131] at 4.  Plaintiff's lack of diligence in timely filing his Amended Complaint or pursuing the two potential defendants in any way diminishes the alleged importance of the amendment.  Nevertheless, the Court finds that this factor weighs slightly in favor of allowing the Amended Complaint to stand.

The Court previously discussed the potential prejudice of allowing the amendment.  Accompanying the amendment would be a renewed discovery period, during which Defendant Cajun Valve would expend additional time and resources for yet another round of discovery.

---

[3] *See* Motion to Amend [92] at 1.

As to the final factor, the availability of a continuance to cure prejudice, the Court notes a recent development. At the time the Amended Complaint was filed, the trial of this action was set for July 25, 2022, but on April 18, 2022, the Court continued the trial to a term beginning on January 9, 2023. A continuance, however, does not ameliorate the prejudice of expending time and resources during a renewed discovery period.

Additionally, it is doubtful that the latest continuance provides sufficient time to add new defendants and prepare this matter for trial without further continuances. According to Plaintiff, the would-be defendants report needing three months for discovery. Considering the magnitude and complexity of this case, the Court is hesitant to accept this time estimate for a renewed discovery period. The current parties needed more than fifteen months to complete discovery. Moreover, discovery efforts would not be the only tasks facing the parties. It is unreasonable to expect the parties to file responsive pleadings, conduct discovery, designate expert witnesses, file dispositive motions, and complete other necessary tasks prior to a pretrial conference at the end of this year. The record does not support further continuances. *See Geiserman*, 893 F.2d at 792 ("Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.").

Having consider the appropriate factors, particularly the first factor (justification for the delay), the Court finds that Plaintiff has failed to demonstrate good cause under Rule 16(b) for his untimely filing. Absent a showing from Plaintiff of either excusable neglect under Rule 6(b) or good cause under Rule 16(b), the Court finds that the Motion to Strike [124] should be granted.

Because the Court is granting Defendant Cajun Valve's Motion to Strike [124], the Motion [132] filed by ISS Valves Industries, Inc. and ISS #2, LLC is moot.

IT IS, THEREFORE, ORDERED that:

1. The Motion to Strike [124] is GRANTED and

2. The Motion to Strike [132] is DENIED as moot.

SO ORDERED this the 10th day of May, 2022.

                                        s/Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE